## J. Elliot Ainslie, Appellee, v. Joseph H. Biggs, Appellant.

### Gen. No. 23,747.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918. Rehearing denied July 5, 1918.

### Statement of the Case.

Action by J. Elliot Ainslie, plaintiff, against Joseph H. Biggs, defendant, to recover damages for personal injuries alleged to have been caused by being struck by defendant's auto-truck as plaintiff was starting to cross the intersection of a street and alley, whereby plaintiff's fibula was fractured. From a judgment for plaintiff for $1,200, defendant appeals.

LELAND V. PIERSON, for appellant; EDWARD H. TAYLOR, of counsel.

WINTERS, PRICE & STEVENS, for appellee; GEORGE M. STEVENS and J. C. RISK, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*what does not constitute substantial variance in action for personal injuries caused by auto-truck.* In an action to recover for personal injuries alleged to have been caused by defendant's auto-truck, there is no substantial variance, though the declaration alleges that the "auto-truck then and there ran and struck with great force and violence upon and against the plaintiff and thereby the plaintiff was then and there thrown with great force and violence to and upon the ground," while the proof shows that plaintiff was not thrown but slipped and fell in attempting to get out of the way of the truck and was injured.

2. APPEAL AND ERROR, § 521*—*what is insufficient objection as to variance.* An objection on the ground of variance between the pleading and proof is not sufficient where it merely states that there is a variance without specifically indicating and pointing out in what the variance consists, in such a manner that the court can rule intelligently and that the pleading may be amended.

3. APPEAL AND ERROR, § 521*—*when objection as to variance in action to recover for injuries due to auto-truck is insufficient.* Where the declaration in an action to recover for personal injuries alleges that plaintiff was thrown down by defendant's auto-truck and run over by it, whereas the evidence is to the effect that plaintiff slipped and fell in attempting to avoid the truck and was run over by it, an objection on the ground of variance which merely states that plaintiff says that "the automobile truck knocked him down to the ground whereas the witnesses don't testify to that," is not sufficiently specific in pointing out the variance.

4. APPEAL AND ERROR, § 521*—*when question of variance cannot be raised on appeal.* Where, at the close of plaintiff's case, defendant objects on the ground of variance and moves that the jury be instructed to return a verdict of not guilty and at the close of all the evidence again moves for an instructed verdict but without raising the question of variance, the court's ruling on the question of variance cannot be urged as error on appeal.

5. APPEAL AND ERROR, § 546*—*when overruling of motion for instructed verdict may not be complained of.* Where a motion made for an instructed verdict on the close of plaintiff's case is overruled and defendant fails to renew the motion at the close of all the evidence, the court's ruling cannot be urged as error on appeal.

6. AUTOMOBILES AND GARAGES, § 3*—*when instruction on negligence in operation of truck is not erroneous.* In an action to re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cover for personal injuries through being run over by an auto-truck, it is not error to instruct that the jury may consider the rate of speed at which the truck was being driven at and before the injury, even though there is no specific allegation that the truck was being operated at a dangerous rate of speed, but merely a general charge of negligence in the operation of the truck, where the evidence tends to show that the truck was without lights and no warning was given as it came out of the alley at the entrance of which the accident occurred.

7. DAMAGES, § 207*—*when instruction on manner of estimating is not erroneous.* In an action to recover for personal injuries, it is not error to instruct that the jury may use their observation and experience in business affairs in estimating the damages, where they are instructed that in applying their observation and experience they should be considered in connection with the evidence.

8. APPEAL AND ERROR, § 1542*—*when instruction on damages is not reversibly erroneous because not in conformity with pleading.* Even though, in an action to recover for personal injuries, there is no express allegation as to mental suffering, it is not ground for reversal that the jury were instructed that they might, in estimating the damages, take into consideration mental suffering resulting from the injury and future pain and suffering, where there was evidence tending to show that the injury was permanent and that plaintiff would suffer in the future and no complaint is made that the verdict was excessive.

9. APPEAL AND ERROR, § 1265*—*what presumed on appeal.* On appeal it will be presumed that the jurors were well informed and understood the English language.

10. APPEAL AND ERROR, § 1523*—*when instructions not reversibly erroneous because not defining word.* On appeal in an action to recover for personal injuries, it is not ground for reversal that the term "accident" used in the instructions was not defined.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.
Vol. CCXI 30